FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH CHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOY F. CAMPANELLI and RE/MAX,<br><br>　　　　Defendants. | No.  2:25-CV-00450-ACE<br><br>ORDER DISMISSING COMPLAINT |

**BEFORE THE COURT** is Plaintiff's complaint filed on November 10, 2025.  Plaintiff also filed an application to proceed in forma pauperis.  Plaintiff is proceeding *pro se*.

　　A complaint filed by any party that seeks to proceed in forma pauperis under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's one-page complaint requests relief[1] for a violation of due process rights. ECF No. 1.  Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff has failed to allege a particularized injury or otherwise state facts that would entitle him to relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

　　Furthermore, a party initiating a suit in federal court must affirmatively allege facts in the complaint to show that the federal court has jurisdiction to hear

---

[1] Plaintiff's "Prayer for Relief" seeks $1 billion in damages. *Id*.

ORDER - 1

the case.  *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1189 (9th Cir. 1970) quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926).  The presumption is that a federal court does not have jurisdiction in a particular case unless it is affirmatively demonstrated in the complaint.  *Id*. at 1190.  Although Plaintiff claims jurisdiction "under the RICO Act," ECF No. 1, Plaintiff has failed to specify how this Court has jurisdiction over the action, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if subject matter jurisdiction is lacking).  Because the Court does not have subject matter jurisdiction over Plaintiff's claim, it must dismiss the case.  *See Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009).

        The Court being fully advised, **IT IS HEREBY ORDERED** as follows:

        1.    Plaintiff's complaint, **ECF No. 1**, is **DISMISSED** for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

        2.    Plaintiff's application to proceed in forma pauperis, **ECF No. 2**, is **DENIED AS MOOT**.

        **IT IS SO ORDERED.**  The District Court Executive is directed to file this Order, provide a copy to Plaintiff, and **CLOSE THE FILE**.

        DATED November 21, 2025.



                      _____
                        ALEXANDER C. EKSTROM
                      UNITED STATES MAGISTRATE JUDGE

ORDER - 2